Thank you, Your Honor. Good morning. May it please the court. My name is Amelia Desarro and I represent the appellant Armando Ramirez. Two important aspects of this case are undisputed. First, there is no dispute that the two jury instructions that issue were erroneous and never should have been given. The Nevada Supreme Court said as much on direct appeal. This leads to the second amounted to deficient performance. The district court concluded there was no reasonable explanation for trial counsel's failure to object, and as the lower court noted in its decision, the respondents don't argue otherwise. That leaves the real issue before this court, prejudice. Mr. Ramirez maintained that had the court properly instructed the jury, there is a reasonable probability that he would have been acquitted or convicted of a lesser offense. The evidence against Mr. Ramirez wasn't as strong as the state claims. The state's primary witnesses were a brother and sister who themselves were meth addicts and in fact had used meth that day and whose stories changed. Asking Mr. Desarro, on that point of prejudice, one of the arguments has been that the frailty of those other instructions related to specific intent, and everyone agrees now it seems in the briefing that it was error with respect to those two instructions, but then there's the other instruction on conspiracy which says that you must intend to commit or aid in the that instruction cured the prejudice defect because the jury would have had to follow that instruction and that would give you specific intent. Thank you, your honor. I think that conspiracy is already a complicated issue and the way the instructions came out in this trial was that the correct conspiracy instruction came first and then it was followed by the incorrect co-conspirator liability instruction and that instruction told the jury that even if the object of the conspiracy was something else, if it believed the natural and probable consequences of that object were the shooting, then Mr. Ramirez was just as culpable as Mr. Manzo and so I'm sorry, I'm getting a little bit of feedback so I didn't, I thought you might be asking a but for me just to complete my answer, I think there's no way of knowing how the jury got to the verdict that got to you and then it's possible that the co-conspirator liability that that incorrect information led the jury to conspiracy which in turn led it to first degree murder. The incorrect instruction told the jury that every conspirator is legally responsible for the act of a co-conspirator that follows the probable natural consequences. The state didn't put on any evidence in this case of the conspiracy to commit murder. The evidence that they offered at closing was to say well they both walked in there with guns so they must have talked about it but there's no independent evidence of the conspiracy count. The state lumped in its conspiracy argument under a sort of theory of liability for first degree murder. There it said that there's three ways you can convict Mr. Ramirez. Either he actually was the shooter, he aided and abetted the shooter or he was a part of the conspiracy. So its entire discussion of conspiracy centered around an attempt to get a first degree murder conviction and it kind of lumped everything together which I think created the problem that we have here. This exact language as the court pointed out. Address what significance we should give to the factual discussion and the legal discussion by the Nevada Supreme Court on the effect of these two instructions and the deference we're supposed to give to them as well as the deference supposed to give to the habeas court on its findings of on the self-defense. A lot of what you're arguing are factual issues that were addressed by the Nevada Supreme Court when it reviewed the two instructions in the original appeal. I think the problem with the Nevada Supreme Court's discussion of the facts is that it just relies on the correct conspiracy instruction and the correct first degree murder instruction to sort of the exclusion of all else. So in that sense I don't think it's proper. Even if the court did give deference to the Nevada Supreme Court decision and certainly it was a ruling on the merit, then that's not a reasonable application of the law. And I guess here we have a Martinez claim and so this claim wasn't actually presented to the Nevada Supreme Court. What the Nevada Supreme Court decided was the underlying sort of problem with the instruction. It never addressed the ineffective assistance of counsel claim because post-conviction counsel never addressed it. So in that sense there is no there is no deference. This is a de novo claim because it comes in through Martinez. I hope that that answered your question. Wouldn't we look to the while it's being looked at under a different theory the factual discussion of the effect of the instruction are the same they just happen to use a different theory but once you get to ineffective representation of counsel you still have to find that the failure to object was prejudicial which the Supreme Court of Nevada has already looked at and said it wasn't. So are we to ignore that under the Martinez? I think the problem with that is that the way that they evaluated the claim which was one of the arguments in the opening brief is that they looked at it under this umbrella of plain error which sort of gave the benefit to the state as opposed to had trial counsel properly objected and the court overruled that objection giving these erroneous instructions then it would have the Chapman standard and the state would have had to demonstrate beyond a reasonable doubt that this instruction had no impact on the verdict and I don't think it can meet that test. So although the Nevada Supreme Court did discuss this issue as your honor has said through sort of a different test I don't think that it's the reasoning applies to this court and to the state. I'm sorry sir. Go ahead my screen went blank can you go ahead. I just wanted to to quickly address sort of the second part of the the state's argument before I reserve time and that is for the the waiver argument that they made. The opening brief addressed the claim the prejudice part which was the only disputed part and as a result there was no waiver or issue here and with that if your honors have no further questions I will reserve the remainder of my time for rebuttal. Okay thank you. Ms. Barrett. Yes your honor. If you wait just one moment we need to reset the clock. One moment my um clock has frozen. If it's not one thing it's another you know. Yep. I am so sorry you'll have to give me just one moment. Olivia I have control should I switch it and start? Yes please. All right I think we're back. You may proceed. May it please the court my name is Erica Barrett and I represent respondents at police in this matter. Your honors there are two issues I'd like to draw to your attention. First is that Ramirez failed to argue Martinez in his opening brief and thus has abandoned it and leaving no path for him to overcome the procedurally defaulted claims and second that even if trial counsel had objected to the instructions that were erroneous in this case the jury's verdict would have remained the same so there was no prejudice for his failure to do so. Your honors Ramirez has to rely on Martinez in order to overcome the procedural default yet he failed to argue it in his opening brief under Mendoza versus Block that constitutes abandonment and he has no path now to overcome that procedural default and for this court to consider the claims on the merits and on that basis alone the court should affirm the district court's ruling. However even if this court is going to consider the Ramirez's Martinez argument Ramirez still fails because he can't show strickland prejudice as a result of trial counsel's failure to object to the instructions. Ms. Barrett can you address counsel's argument that we can't tell from the combination of these found specific intent as to Mr. Ramirez? Yes your honor in regard to that vicarious co-conspirator liability instruction it did leave out the specific intent element but with that instruction number four that says to be guilty of conspiracy a defendant must intend to commit or aid in the commission of the specific crime agreed to in combination with the evidence at that there were two shooters that Ramirez that the jury found that Ramirez was a shooter that combination of instructions and evidence at trial would make it illogical for the jury to conclude that Ramirez had agreed to commit murder with with his co-conspirator yet didn't have that essentially the evidence at trial of there being two shooters instead of just one or for example if you have a case where it's confusing let's say there were three people at the scene we don't know who the shooters were the combination of these instructions would be would be problematic do you agree with that? Not necessarily your honor because the the jury is left to conclude what they think of the evidence and here we can see that they concluded that it showed Ramirez was guilty of being a trigger man but even if they had concluded otherwise there's lots of evidence showing his preparation um the premeditation the conspiracy with with his co-conspirator uh like him saying that he wanted to run over the victim him actually bringing the get money from him um different factors like that that show that a conspiracy was formed and that the jury could have easily found that conspiracy was formed and the same applies uh with the deadly weapon enhancement instruction as far as the the conspiracy conviction resolving that issue because in that the instruction had left out the requirement under the state case anderson that for an aiding and abetting theory there had to be um Ramirez had to have knowledge of and the ability to control the weapon and the same thing there with the conspiracy conviction shows that he had knowledge of the plan to murder Ortega and that would include the use of the weapon and there's also that evidence that he actually wielded a weapon against Ortega that he was a shooter and even if the jury didn't believe he was a shooter it was still uncontroverted that he was present at the murder scene and thus would have ability to exercise control over the weapon and so had trial counsel objected to that instruction and proper instructions were given the jury's uh decision their verdict would have remained the same in that respect as well so on both on both instructions had they been objected to and reasonable probability of a different outcome at trial because of of the conspiracy convictions and the evidence it supports that the jury couldn't have ruled another way logically and in terms of the standard um reference was made to the chapman standard and we know in nevada there's been some back and forth on appropriate quarters i believe nevada has landed on the happens does that make a difference in how we rest the nevada supreme court's determination no your honor and just as a kind of going into that tie in with that ramirez doesn't necessarily show that we should even he doesn't show authority that we should even look at the nevada supreme court's decision because under strickland the standard is that is there a proceeding and in strickland that's applied to the proceeding where the deficient performance is alleged and here ramirez wants us to look at a completely different proceeding but even if the court is to look at that different proceeding under the chapman harmless beyond a reasonable doubt standard versus the plain air review that the nevada supreme court did undertake the results would be the same because the the analysis is essentially the same it burden shifts but there was nothing in the nevada supreme court's ruling that indicated this was a borderline case or that had the burden been different they might have come out different differently um they'd still be looking at the same instructions so the analysis would be the same other than the the burden being shifted to the state but that wouldn't have changed the even under that standard and so with that ramirez can't overcome the procedural default through martinez he also fails on the merits of his claims and if this court doesn't have any further questions i'll ask that they affirm the district court's denial of the petition thank you thank you sorry you have two minutes left uh thank you your honor mr ramirez didn't waive anything in this case waiver is an intentional relinquishment or an abandonment of a known right that simply didn't happen here at best we're talking about forfeiture but the opening brief addresses the issue um that's before this court which is prejudice there was no dispute on deficient performance to find that waiver at this junction after full briefing and oral argument would just be devastating to mr ramirez it would make him pay a very steep price for the strategic decision his attorney made to focus all of his efforts in the opening brief on the disputed issue so i asked the court not to find that mr ramirez waived anything here there's absolutely no evidence that mr ramirez conspired with to the palms apartments which is just a few blocks and in the car with them the entire time with brandy and rob neither of them testified to any discussion or meeting um in fact the respondent just mentioned part of the plan might have been to get money well if the plan was to get money to recover from this bad um gun deal then that is the object of the conspiracy and co-conspirator liability instruction allows this jury to conclude that if uh the shooting of mr ortega who violently confronted them by ripping off his own shirt if they find that that shooting was a natural and probable consequence of a conspiracy to get the money back then he is responsible as a conspirator and he's responsible under first-degree murder and that's the problem here we simply don't know this court evaluates this claim de novo because it is a martinez claim and so far in this record there's just simply no evidence of conspiracy that was just a theory the state likely tried to use to get the first-degree murder conviction and in closing argument the only evidence they offered was to say well they you can infer that they talked about it but you can't infer that there is just no evidence of that accordingly i asked this court to reverse the district court and grant mr ramirez relief thank you thank you thank both for your argument this morning the case just argued of armando ramirez versus baker
judges: McKeown, Nguyen, Whaley